## THURSTON PRIEST & another *vs.* CITIZENS' MUTUAL FIRE INSURANCE COMPANY.

An omission to make the formal preliminary proof of loss, under a policy of insurance, in compliance with the requirement of the by-laws, may be waived by the officers of a mu tual insurance company, although the by-laws also provide that they "may be altered at any annual meeting, or at any legal meeting of the company called for that purpose."

Such waiver may be proved by evidence that one of the officers of the company made personal examination of the premises after the fire, in company with a person interested in the property; that afterwards, and within the time limited for making formal proof of loss, the secretary told the person to whom the amount insured was payable that no further proof of loss was necessary; that the directors, upon the informal proof, and within the time limited for making formal proof, passed a vote appointing a committee to adjust the loss; and that afterwards, in refusing to pay the loss, the refusal was put solely on other grounds.

CONTRACT on a policy of insurance for $1000, for three years, upon the dwelling-house of Patrick Healy of Newton, issued by a mutual insurance company " under the conditions and limitations expressed in the rules and regulations" annexed to it, " $600 payable in case of loss to Priest and Parker, and the balance to the Charles River Mutual Loan and Fund Association." The twelfth by-law and condition of insurance was, " In case of loss, the insured shall as soon as possible deliver to the secretary of said company a particular account, on oath," of various particulars therein specified. " This company shall not be liable for any loss, unless notice is given to the company within fifteen days after said loss shall have occurred." The twenty-seventh by-law and condition of insurance was, " these regulations may be altered at any annual meeting, or at any legal meeting of the company called for that purpose, by a vote of the majority of the members present." The policy was dated June 19, 1855, and was renewed for three years from June 16, 1858.

At the trial in the superior court, before *Ames*, J., it appeared that a total loss by fire occurred on the 22d of December 1859; that on the 30th of April 1859, the interest of Healy in the premises was sold on execution to John Mead, who, on the 30th of May 1859 received from the Loan Fund Association an

assignment of their mortgage, which was made known to the defendants and assented to by them ; that on the morning after the fire Mead went to the spot with Seth Davis, one of the defendants' directors, who examined the premises and instructed Mead what to do; that on the 29th of December Mead went to the office of the defendants, had an interview with the president, secretary and one of the directors, informed them of the loss, of his own interest and the interest of others in the property ; and that a notice in writing was prepared by the secretary, and signed by Mead, representing the latter as the sole owner of the property.   Mead also testified that on the 1st of the following February he met the directors at their office, and asked leave to amend the notice in order to correct a mistake ; tha some of the directors assented, and none objected ; that one of them said, " Nobody will suppose you meant to mislead, and we shall take no advantage ; " and he finally left it unaltered.

One of the plaintiffs testified that soon after the fire he " requested Mead to give notice to the defendants ; that before the expiration of the fifteen days he called at their office, was informed by the secretary that Mead had given notice, inquired whether anything more was necessary, and gave information about the plaintiffs' claim, and was told that nothing more was necessary ; " that at another visit about two months after the loss, the president said the company was entitled to three months' credit, but said nothing about any defect of notice ; that at the expiration of three months the president took the ground that the sale on execution was an alienation which vitiated the policy, and some of the directors said that informality in the notice would not be objected to, and others said the risk had been increased by allowing the house to remain vacant. On cross-examination he said that what he wanted to know of the secretary was, " whether Mead's notice would do for me, and I got the idea that Mead's notice was sufficient."

Davis, one of the defendants' directors, testified that he knew the nature of the interest of Healy, Mead and the plaintiffs iu the property ; that he visited the place after the loss and informed the directors at their next monthly meeting, on January 3,

1860, " of the whole category of the events," at which time a vote was passed, " that the president and monthly committee be a committee to adjust the loss of Patrick Healy, George B. Adams and John Mead."

There was other evidence in the case, and the defendants sought to control, in some particulars, the evidence stated above.

The judge ruled, upon the whole evidence, that the by-law in relation to making proof of loss had not been complied with by the assured, and that the evidence would not justify an inference that the defendants waived the benefit of it. The plaintiffs claimed the right to go to the jury upon the question of waiver, but the judge ruled that the plaintiffs were not entitled to recover, and directed the jury to return a verdict for the defendants, which they did; and the case was reported for the determination of this court.

*J. Q. A. Griffin*, for the plaintiffs.

*D. S. Richardson & G. F. Richardson*, for the defendants.

CHAPMAN, J. It is well settled that, although the by-laws of a mutual fire insurance company provide that in case of loss the assured shall furnish certain preliminary proofs to the officers to entitle him to recover for the loss, yet the officers may in any particular case waive this stipulation ; that such waiver may be either express or by implication ; and that it may be implied from the fact that in refusing to pay the loss they neglect to state their objections to the preliminary proofs, and place their refusal on other grounds. *Underhill* v. *Agawam Ins. Co.* 6 Cush. 440.

A waiver of this sort is unlike a waiver of such provisions of the by-laws as relate to the substance of the contract. The officers have no power to dispense with these. *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169. *Brewer* v. *Chelsea Ins. Co.* 14 Gray, 203. In the latter case the distinction between these two classes of by-laws is pointed out. It is said that stipulations as to the preliminary proofs do not touch the substance or essence of the contract; but relate only to the form or mode in which the liability of the company shall be ascertained and proved. Besides ; such preliminary proof must necessarily be submitted to the

officers of the corporation, who must pass on its sufficiency and it therefore comes within the scope of their authority to say whether proof of the loss is sufficient. It may be added that in ascertaining and settling losses they frequently act upon personal investigations by themselves or their agents, and thus obtain knowledge that renders the preliminary proofs wholly immaterial.

In this case there was evidence tending to show not only an implied, but an express, waiver of the preliminary proofs; and the court are of opinion that it should have been submitted to the jury, and was sufficient to have authorized them to find for the plaintiffs on that point. The verdict should be set aside, and a new trial granted.